T.C. Memo. 2004-33

UNITED STATES TAX COURT

TONY J. CAVENDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3822-02.                    Filed February 10, 2004.

<u>Mark H. Westlake</u>, for petitioner.

<u>James L. May, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1998 Federal income tax and additions to tax as follows:

| Deficiency | Additions to Tax | | |
| | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| --- | --- | --- | --- |
| $63,183 | $12,531 | $7,518 | $2,490 |

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the primary issue for decision is whether petitioner received additional wage income in the amount of $102,126.

FINDINGS OF FACT

Some facts are stipulated and are so found.

At the time the petition was filed, petitioner resided in Fairview, Tennessee. Petitioner's filing status for 1998 was "married filing separate".

In May 1998, petitioner incorporated under Tennessee law Champion Home Centers, Inc. (Champion), to sell modular homes. Throughout 1998, petitioner was an employee of and was the sole shareholder in Champion. Although the record in this case does not disclose petitioner's particular title as an employee of Champion, petitioner was in control of Champion.

In the fall of 1998, petitioner hired a part-time bookkeeper to work for Champion. The bookkeeper worked 10 hours a week for approximately 5 months.

On December 30, 1998, a check in the amount of $95,233 was drawn on Champion's checking account at Franklin National Bank. The check was made payable to petitioner and stated on its face that it related to "Payroll 12-31-98". The check was made out by

the bookkeeper and was signed by petitioner on behalf of Champion.

The above check was received by and was endorsed by petitioner as payee. Petitioner, however, did not actually receive the $95,233 in cash. Rather, on March 29, 1999, the endorsed but unnegotiated check was given by petitioner to Franklin National Bank for deposit of the $95,233 face amount of the check into Champion's checking account. The bank treated the transaction as if petitioner had cashed the check on March 29, 1999, and then immediately deposited the $95,233 back into Champion's checking account.

The above-referenced $95,233 check was numbered 1546. Checks clearing Champion's checking account in January 1999 were numbered from 1524 to 1606 with the exception of check No. 1546.

Checks clearing Champion's checking account in March 1999 generally were numbered from 1663 to 1755.

On the dates indicated, Champion's bank statements reflected the following positive balances:

| Date | Amount |
| --- | --- |
| 10/30/98 | $129,547.45 |
| 11/02/98 | 126,317.66 |
| 11/30/98 | 142,684.18 |
| 12/01/98 | 144,284.18 |
| 12/31/98 | 81,883.01 |
| 01/04/99 | 103,654.01 |
| 01/29/99 | 95,837.24 |
| 02/01/99 | 93,784.47 |
| 02/26/99 | 56,442.35 |
| 03/01/99 | 15,875.91 |
| 03/31/99 | 78,530.63 |

In early 1999, there was issued to petitioner on behalf of Champion a Form W-2, Wage and Tax Statement (W-2), reflecting that during 1998 Champion had paid wages to petitioner in the total amount of $129,541.

Petitioner's 1998 individual Federal income tax return was not timely filed.

Champion's 1998 corporate Federal income tax return was timely filed with respondent. On that corporate tax return, the full $129,541 reflected as wages paid to petitioner on the above W-2, including the $95,233 amount of check No. 1546, was reflected as a wage expense deduction of Champion.

On November 5, 2001, pursuant to an audit and respondent's preparation of a substitute 1998 tax return for petitioner, respondent mailed to petitioner a notice of deficiency for 1998 in which respondent determined, among other things, that the $95,233 face amount of check No. 1546 constituted taxable wage income to petitioner in 1998. Respondent also determined that the additional $34,308 reflected on the W-2 issued to petitioner constituted taxable wage income to petitioner in 1998.

In September 2002, petitioner hired a certified public accountant to review petitioner's and Champion's books and records and to prepare tax returns on behalf of petitioner and Champion.

In December 2002, shortly before trial herein, there was issued to petitioner on behalf of Champion a Form W-2c, Corrected Wage and Tax Statement for 1998. At the same time, there was filed with respondent on behalf of Champion a Form W-3c, Transmittal of Corrected Wage and Tax Statements for 1998. Both statements reflected that, during 1998, Champion had paid wages to petitioner in the total amount of only $27,415.

On December 27, 2002, petitioner filed with respondent his original 1998 individual Federal income tax return, which the accountant had prepared. On that return, petitioner reported total wages received in 1998 from Champion of only $27,415.

Also on December 27, 2002, there was filed with respondent on behalf of Champion an amended 1998 corporate Federal income tax return for 1998, reflecting a $102,126 decrease in the deduction claimed for wages paid to petitioner.[1]

OPINION

Taxable Wage Income

Section 61(a) defines gross income as "all income from whatever source derived," including compensation for services. The Supreme Court has held that gross income includes "undeniable accessions to wealth, clearly realized, and over which the

---

[1] $129,541 (wage deduction claimed on Champion's original 1998 corporate Federal income tax return) less $27,415 (wage deduction claimed on Champion's amended 1998 corporate Federal income tax return) equals $102,126.

taxpayers have complete dominion." <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 431 (1955).

In <u>Crary v. Commissioner</u>, T.C. Memo. 1970-40, a taxpayer paid to his employer the same amount of a paycheck the taxpayer had received from his employer on the same day. We held that, regardless of the subsequent payment to his employer, the amount of the paycheck was to be included in the taxpayer's income.

In <u>Merritt v. Commissioner</u>, T.C. Memo. 2003-187, a taxpayer argued that he was entitled to reduce independent contractor fees received from a law firm by an amount he, in the same year, paid back to the firm. We held that the total amount of the fees received by the taxpayer constituted taxable income regardless of the amount later paid back to the firm.

Petitioner argues that the reason the $95,233 check from Champion was made out to and was given to him was to support an inflated wage expense deduction on Champion's 1998 corporate tax return. Petitioner alleges that the $95,233 check was not signed by him on behalf of Champion until March 29, 1999, and that it was backdated by Champion's part-time bookkeeper to December 30, 1998.

Respondent contends that the full $95,233 reflected by check No. 1546 should be treated as wage income to petitioner in 1998.

Champion's bank statements indicate that the $95,233 check was written in late December 1998. Checks with similar numbers,

including those immediately preceding and succeeding check No. 1546, cleared Champion's bank account in January 1999.

From October 1998 through January 1999, Champion's bank statements, with some variation, reflect significant positive balances. Petitioner controlled Champion, and he had control over the funds in Champion's bank account.

Respondent's determination herein "has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not met this burden.[2]

Petitioner has offered no evidence that there was any requirement or understanding that the $95,233 check would be returned to Champion. At trial, none of Champion's books and records were produced. Petitioner failed to call Champion's bookkeeper as a witness. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

We conclude that, in addition to the $27,415 in wage income not contested by petitioner, the $95,233 reflected by check No. 1546 is to be treated as wage income taxable to petitioner in 1998.

---

[2] Petitioner has not satisfied the requirements of sec. 7491(a)(1) and (2) or the requirements of sec. 6201(d), under which, in some circumstances, a shift to respondent in the burden of proof or production may be available.

For lack of contrary evidence, we also conclude that the $6,893, the amount contested by petitioner above the face amount of check No. 1546, constitutes taxable wage income to petitioner in 1998. In summary, for 1998, petitioner is to be taxed on total income relating to his employment with Champion in the amount of $129,541.[3]

## Dependency Exemptions

In order to be entitled to the two dependency exemptions at issue in this case, each claimed dependent must qualify under the statutory definition of "dependent". Secs. 151(c)(1), 152. The definition of "dependent" includes a son or daughter of the taxpayer, over half of whose support was paid by the taxpayer, and who, at the end of the year, was either under the age of 19 or under the age of 24 and also a student as defined by section 151(c)(4). Secs. 151(c)(1)(B), 152(a)(1).

Petitioner offered no evidence as to his entitlement to the claimed exemptions. We deny petitioner's claimed dependency exemptions.

## Additions to Tax

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to timely file his individual Federal income

---

[3] $27,415 uncontested, plus $95,233 check, plus $6,893 equals $129,541.

tax return unless such failure is due to reasonable cause and not due to willful neglect. Section 6654(a) imposes an addition to tax for an individual taxpayer's failure to pay estimated tax.

Petitioner acknowledges that his 1998 individual Federal income tax return was not timely filed. The tax deficiency that we have sustained herein, on the facts of this case, prima facie establishes petitioner's liability for the section 6654(a) addition to tax for failure to pay estimated tax. The evidence herein does not establish petitioner's entitlement to any exception to these additions to tax. See Mendes v. Commissioner, 121 T.C. 308, 324-325 (2003).

Petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654(a).[4]

We have considered all arguments made herein, and, to the extent not addressed, we conclude that they are without merit or are irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4] Respondent has conceded the sec. 6651(a)(2) addition to tax that was asserted against petitioner.